MOTORISTS DEVELOPMENT CO. ET AL., APPELLEES, *v.* LINDLEY, TAX COMMR., APPELLANT.

[Cite as Motorists Development Co. v. Lindley (1982), 69 Ohio St. 2d 220.]

(No. 81-628—Decided February 17, 1982.)

*Messrs. Vorys, Sater, Seymour & Pease, Mr. Robert E. Leach* and *Mr. Kenneth D. Beck,* for appellees.

*Mr. William J. Brown,* attorney general, and *Mr. Mark A. Engel,* for appellant.

*Per Curiam.* The measure of a corporation's franchise tax liability is the value of its issued and outstanding shares of stock (R. C. 5733.05), which is determined either on the basis of net worth (R. C. 5733.05[A] ), or on the basis of net income (R. C. 5733.05[B] ). Where a corporation files an individual return, both computations of value must be made. The rate of taxation for the net income valuation is set forth in R. C. 5733.06(A) and (B); and the rate for the net worth valuation is set forth in R. C. 5733.06(C). The franchise tax payable is the greater of the amount computed under R. C. 5733.06(A) and (B), or the amount computed under R. C. 5733.06(C). The Tax Commissioner argues that the alternate computation is required regardless of whether the taxpayer elects to file a combined franchise tax return.

At the time relevant to this action, R. C. 5733.052(E), specifically applicable to combined franchise tax returns, provided: "The tax imposed by this chapter on the base calculated under section 5733.05 of the Revised Code shall be computed on the combined net income apportioned to Ohio and shall be prorated to each taxpayer on the basis of its proportionate part of the factors used to apportion the total net income to Ohio." *

The Board of Tax Appeals found that R. C. 5733.052(E) was ambiguous by requiring that the tax "shall be computed

---

* Effective July 2, 1981, R. C. 5733.052(E) was amended, and we do not address the amendment herein.

222

on the combined net income" and also by referring to R. C. 5733.05, which includes two methods of valuation.

We agree with the board that R. C. 5733.052(E) is ambiguous as to which method of valuation is to be employed in computing the franchise tax payable where a combined return is filed. In light of the rule that any ambiguity should be resolved in favor of the taxpayer (*Gulf Oil Corp.* v. *Kosydar* [1975], 44 Ohio St. 2d 208, paragraph one of the syllabus), we find that the decision of the board was neither unreasonable nor unlawful.

Accordingly, the decision of the Board of Tax Appeals is affirmed.

*Decision affirmed.*

CELEBREZZE, C. J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and KRUPANSKY, JJ., concur.